**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOSEPH JAMES,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF FLORIDA, et al.,<br><br>Defendants. | ) | Civil Action No. 1:26-cv-01989 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint, ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"). The Court grants Plaintiff's IFP Application, and for the reasons discussed below, it dismisses the Complaint, and this matter, without prejudice.

Plaintiff, a resident of Florida, holds himself out as "the Carabillo Paterfamillias, one of the people of New Jersey," sues the State of New York and the State of New Jersey. The Complaint "is replete with 'the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement.'" *Paterfamillias v. Kuykendall*, No. 24-cv-350, 2024 WL 3640420, at *2 (M.D. Fl. July 15, 2024) (quoting *Sealey v. Branch Banking and Trust Co*, No. 17cv785, 2019 WL 1434065, at *2 (M.D. Ala. Feb. 21, 2019)), *R&R adopted*, 2024 WL 3637992, (M.D. Fla., Aug. 2, 2024); *see Gravatt v. United States*, 100 Fed. Cl. 279, 282 (Fed. Cl. 2011) (dismissing claims as frivolous and describing the sovereign citizen movement and noting that "[s]o-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings"). He asks that the Court enter a declaratory judgment "in order

to disclaim 'enemy or ally of enemy status under the Trading with the enemy Act as amended or similar legislation," and under various treaties, charters, conventions, and other equally inapplicable but more archaic authority, "so as to restore sundry rights and property," and contends that Defendants have abused their powers as alleged corporate entities to conduct commerce and unfairly subjugate him.

Plaintiff's claims are without legal merit. "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A case that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a court may dismiss it as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981). Plaintiff's Complaint falls squarely into this category.

To that same end, the Trading with the Enemy Act pertains to money or property seized from a foreign enemy or ally of a foreign enemy. The Complaint is completely devoid of anything that would suggest that this plaintiff raises a claim with an arguable basis in law and fact under the requirements of the given statute. *See Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984; *see also Johnson v. United States*, No. 09-0101, 2009 WL 113768, at *1 (D.D.C. Jan. 19, 2009) (dismissing as frivolous claim under Trading with the Enemy Act); *Abram v. Mnuchin*, 788 Fed. Appx. 16, 16 (D.C. Cir. 2019) (per curiam) (affirming claims dismissed as frivolous under Trading with the Enemy Act).

Furthermore, as here, "sovereign citizen" are consistently dismissed as frivolous. *See, e.g., Maxwell v. Snow*, 409 F.3d 354, 358 (D.C. Cir. 2005) (affirming the trial court's denial of

plaintiff's claims as "patently frivolous, including requests for declarations that laws passed by Congress do not apply to Maxwell as a "sovereign citizen of the Union State of Texas[.]"); *Mason v. United States*, No. 00CV00272, 2001 WL 241799 at *1 (D.C. Cir. Feb. 2, 2001) (finding same and affirming trial court's dismissal with prejudice); *see also United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases and noting that a court should summarily reject arguments that a person is beyond a court's jurisdiction because he is a "sovereign citizen" or "secured-party creditor"); *Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) (describing the sovereign citizen argument as "clearly baseless" and affirming the trial court's frivolity dismissal without leave to amend); *Linge v. State of Ga.*, 569 F. App'x 895, 896 (11th Cir. 2014) (finding that "to the extent that [the appellant] more broadly argues he is a sovereign citizen . . . both we and the district court lack jurisdiction to consider his claim because it is wholly insubstantial and frivolous"); *Abram v. Collier*, No. 20cv4291, 2020 WL 1815791 at *2–3 (N.D. Fla. Mar. 12, 2020) (determining the "Sovereign Citizens Movement" claims to be "utterly frivolous" and dismissing without leave to amend), *report and recommendation adopted*, 2020 WL 1809668 at *1 (N.D. Fla. Apr. 8, 2020); *Mells v. Loncon*, No. CV418-296, 2019 WL 1339618 at *2 (S.D. Ga. Feb. 27, 2019) (dismissing as frivolous), *report and recommendation adopted*, 2019 WL 1338411 at *1 (S.D. Ga. Mar. 25, 2019); *Alexio v. Obama*, No. 15-00507, 2015 WL 9216562 at *4–5 (D. Haw. Dec. 16, 2015) (dismissing as frivolous without leave to amend); *Alexio v. Obama*, No. 15–00209, 2015 WL 5440800 at *3 (D. Haw. Sept. 15, 2015) (noting uniform rejection of sovereign citizen theories and dismissing with prejudice); *Dvornekovic v. Obama*, No. CV 15–5233, 2015 WL 6164780 at *2 (C.D. Cal. July 28, 2015) (dismissing without leave to amend for "wholly fail[ing] to comply with the pleading standards of the Federal Rules of Civil Procedure"); *United States v. Alexio*, Nos. 13–01017, 13–01018, 2015 WL 4069160 at *2–4 (D.

Haw. July 2, 2015) (collecting cases and holding that "sovereign citizen," and other similar theories, have been "flatly rejected" by numerous courts as "frivolous, irrational [and] unintelligible"); *Paul v. New York*, No. 13-CV-5047, 2013 WL 5973138 at *4 (E.D. N.Y. Nov. 5, 2013) (dismissing with prejudice as frivolous); *Santiago v. Century 21/PHH Mortgage*, No. 12-CV-02792-KOB, 2013 WL 1281776 at *1 n.3, *4–5 (N.D. Ala. Mar. 27, 2013) (granting defendant's motion for judgment and finding that "[t]he court recognizes the use of 'affidavits' and other pseudo-legal documents that purport to require responses within a specified time or face 'legal consequences' of the author's own making. Such tactics do not create valid legal documents.").

Accordingly, this matter is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: August 26, 2026

__________/s/_____________
AMIT P. MEHTA
United States District Judge